662 So.2d 1334 (1995)
John Arthur THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4110.
District Court of Appeal of Florida, First District.
November 14, 1995.
*1335 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Trisha E. Meggs and Amelia L. Beisner, Assistant Attorneys General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING AND MOTION FOR CLARIFICATION

[Original Opinion at 20 Fla. L. Weekly D2260]
ERVIN, Judge
We withdraw our previous opinion and substitute the following.
Appellant, John Thomas, a juvenile when he committed the offense of aggravated battery, appeals his adult sentence, imposed under section 39.059, Florida Statutes (Supp. 1994). We reverse and remand for resentencing, because the trial court erred in imposing the sentence without considering a presentence investigation report as required by section 39.059(7)(a). Troutman v. State, 630 So.2d 528 (Fla. 1993); Levesen v. State, 553 So.2d 290 (Fla. 2d DCA 1989). The court also erred by failing to issue a written sentencing order.
We nevertheless reject Thomas's claim that the court erred in failing to set forth specific findings regarding his suitability for adult sanctions. Section 39.059(7)(d), Florida Statutes (1993), formerly required the trial court to make specific written findings of fact relating to the criteria set forth in section 39.059(7)(c), by providing:

*1336 (d) Any decision to impose adult sanctions shall be in writing and in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.

(Emphasis added.) The above provision was amended effective October 1, 1994, after Thomas committed his offense. Ch. 94-209, §§ 51, 150, at 1306, 1384, Laws of Fla. Thomas was sentenced on November 9, 1994, pursuant to the amended statute, which provides:
(d) Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in this subsection as any basis for its decision to impose adult sanctions.

(Emphasis added.)
We consider this to be a procedural amendment that was properly applied retroactively to Thomas's disposition hearing. Arguably, Thomas is disadvantaged on appeal by having the 1994, rather than the 1993, version of section 39.059(7)(d) apply to his case, because the clear purpose of requiring written findings was to facilitate appellate review. Troutman v. State, 630 So.2d 528, 532 (Fla. 1993); State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984). Nevertheless, a law must do more than simply disadvantage the defendant to be considered ex post facto. Collins v. Youngblood, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30, 44 (1990). The law must change the legal consequences of the acts the defendant committed before its effective date. Miller v. Florida, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351, 360 (1987). "Hence, no ex post facto violation occurs if the change in the law is merely procedural and does `not increase the punishment, nor change the ingredients of the offence or the ultimate facts necessary to establish guilt.'" Id. at 433, 107 S.Ct. at 2452-53, 96 L.Ed.2d at 362 (quoting Hopt v. Utah, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262, 269 (1884)).
Although the amendment to section 39.059(7)(d) will affect the depth of review of adult sanctions imposed under that statute, its application did not change appellant's punishment in any way, thus it does not violate the prohibition against retroactive laws.
We grant the state's motion for clarification, and grant Thomas's motion for rehearing in part and deny his motion to certify conflict. On remand, we direct the trial court to order and consider a presentence investigation report, and to issue a written sentencing order if it imposes adult sanctions against Thomas.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
MICKLE and LAWRENCE, JJ., concur.