688 So.2d 392 (1997)
Daniel NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2939.
District Court of Appeal of Florida, First District.
February 10, 1997.
Rehearing Denied March 13, 1997.
*393 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant argues that the trial court committed reversible error when it (1) ordered him to pay restitution; (2) sentenced him to county jail, to be followed by community control; and (3) ordered him to pay for the services of the public defender who represented him, without affording him notice and an opportunity to be heard. We reverse the orders awarding restitution and directing that he pay for the services of his appointed attorney, and remand for further proceedings. Because we conclude that appellant failed to preserve the issue of the propriety of his sentence for appeal, we affirm the sentence.

I.

The Restitution Award
Appellant was charged with, and convicted of, grand theft auto. At sentencing, the state argued that the daughter of the owner of the stolen vehicle, who had been in possession of the vehicle when it was stolen, was entitled to $1,000.00 in restitution, to reimburse her for items which had been in the vehicle when it was stolen, but were not recovered, and for wages lost and travel expenses incurred when she testified at trial. Appellant objected to any award for lost wages and travel *394 expenses, arguing that such items were not covered by the restitution statute; and to the entire sum requested on the ground that no evidence had been presented to substantiate it. Notwithstanding his objections (and without receiving any evidence), the trial court ordered appellant to pay restitution in the amount of $1,000.00 to the daughter, as a condition of his community control.
On appeal, the state concedes that it was error to impose restitution without an evidentiary hearing, in light of appellant's objection regarding the amount. We agree. Section 775.089(7), Florida Statutes (1995), unambiguously provides that "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney." See C.S. v. State, 617 So.2d 863 (Fla. 1st DCA 1993) (state's burden of proving amount of restitution cannot be met, in face of objection, by assertions of state attorney). We also agree with the state that the present restitution statute, like its predecessors, is broad enough to permit restitution for lost wages and travel expenses incurred by a victim. Section 775.089(1)(a), Florida Statutes (1995), provides that "the court shall order the defendant to make restitution to the victim for ... [d]amage or loss caused directly or indirectly by the defendant's offense ... and ... [d]amage or loss related to the defendant's criminal episode." Moreover, section 775.089(2)(b) expressly permits reimbursement for income lost as a result of the offense, even if the victim has not sustained any bodily injury. Earlier, somewhat narrower, versions of the statute have been held sufficiently broad to permit reimbursement for lost wages and travel expenses. E.g., Vanlieu v. State, 630 So.2d 1218 (Fla. 5th DCA 1994); Haynes v. State, 575 So.2d 1341 (Fla. 1st DCA 1991); Self v. State, 458 So.2d 1222 (Fla. 1st DCA 1984). We see no reason to reach a different result under the current, somewhat broader, version of the statute. Accordingly, although we must reverse the restitution award, on remand the trial court may again award restitution, including lost wages and travel expenses incurred, provided that a hearing is held and sufficient evidence is presented.

II.

The Sentence
Appellant's scoresheet, calculated pursuant to the 1995 sentencing guidelines, called for "a nonstate prison sentence." On July 18, 1996, the trial court sentenced appellant, without objection, to six months in the county jail, to be followed by 18 months of community control. On appeal, appellant contends, for the first time, that the sentence was an improper departure, for which no reasons were given. Appellant relies on State v. Davis, 630 So.2d 1059 (Fla.1994), in which the court held that, under the pre-1994 guidelines, such a sentence was a departure from the guidelines, for which written reasons were required.
The state responds that the claimed sentencing error has not been preserved for appeal. Acknowledging that, in the past, such an error could be raised on appeal notwithstanding the failure to object in the trial court, the state contends that section 924.051(3), Florida Statutes (Supp.1996), which was created by the Criminal Appeal Reform Act of 1996 (ch. 96-248, § 4, at 954, Laws of Fla.), applies, and requires affirmance because appellant failed to preserve this issue for appellate review.
Section 924.051 became effective on July 1, 1996. Ch. 96-248, §§ 4, 9, at 954, 957, Laws of Fla. Subsection (3) reads:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
In response to the Criminal Appeal Reform Act of 1996, the supreme court amended Florida Rule of Criminal Procedure 3.800, by adding a new subdivision (b) which read:

*395 (b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation within ten days after the rendition of the sentence.
According to the court, "[t]he purpose of the[] amendment[][was] to ensure that a defendant will have the opportunity to raise sentencing errors on appeal." Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996). Like section 924.051, the amendment to rule 3.800 became effective on July 1, 1996. Id.
The state argues that section 924.051(3) does nothing more than place reasonable conditions on the right to appeal of those whose judgments and sentences are entered after its effective date. Because the section became effective on July 1, 1996, and appellant was not sentenced until July 18, the state contends that the section applies to appellant.
Appellant responds that to apply section 924.051(3) to him would involve a retroactive application of the statute because his crime was committed before the effective date of the act. Therefore, according to appellant, applying the statute to him would violate the prohibition against ex post facto laws found in article I, section 10, of the Florida Constitution (and, presumably, that found in article I, section 10, of the United States Constitution, as well). However, in the criminal area, "a law violates the ex post facto clause [only] if it (1) operates retrospectively and (2) alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Gwong v. Singletary, 683 So.2d 109, 112 (Fla.1996) (citing California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)). Even if we assume that appellant is correct in his assertion that the statute "operates retrospectively," it is clear that it neither "alters the definition of criminal conduct," nor "increases the penalty by which a crime is punishable."
In Thomas v. State, 662 So.2d 1334 (Fla. 1st DCA 1995), review denied, 669 So.2d 252 (Fla.1996), the appellant challenged as ex post facto when applied to him an amendment to a statute which relieved the trial court of any obligation to make specific findings regarding the unsuitability of juvenile sanctions before imposing an adult sanction. The amendment had become effective after the appellant had committed his offense, but before sentencing. Rejecting this contention, we said:
We consider this to be a procedural amendment that was properly applied retroactively to Thomas' disposition hearing. Arguably, Thomas is disadvantaged on appeal by having the 1994, rather than the 1993, version of [the statute] apply to his case.... Nevertheless, a law must do more than simply disadvantage the defendant to be considered ex post facto.... The law must change the legal consequences of the acts the defendant committed before its effective date.... "Hence, no ex post facto violation occurs if the change in the law is merely procedural and does `not increase the punishment, nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" ...
Id. at 1336 (citations omitted). We can perceive no substantive distinction between the effect of the statute involved in Thomas and the effect of that at issue here. Accordingly, as in Thomas, we conclude that section 924.051(3) is merely procedural and does not violate the ex post facto provision of either the Florida (art. I, § 10) or the United States (art. I, § 10) Constitution when applied to appellant.
Appellant also argues that section 924.051(3) is unconstitutional as applied to him because it denies him access to the courts, in violation of article I, section 21, of the Florida Constitution. Article I, section 21, of the Florida Constitution guarantees the right of access to the courts for the purpose of redressing wrongs. It does not prohibit reasonable restrictions on the exercise of that right. E.g., Bystrom v. Diaz, 514 So.2d 1072 (Fla.1987); Snyder v. Douglas, 647 So.2d 275 (Fla. 2d DCA 1994); Department of Revenue v. Nu-Life Health and Fitness Center, 623 So.2d 747 (Fla. 1st DCA 1992). Section 924.051(3) does not deprive one of the right to appeal. It merely requires *396 that allegedly prejudicial error be preserved by appropriate and timely action in the trial court. This is not a new concept; nor is it one for which there is not a good basis in logic and common sense. As the court noted in Castor v. State, 365 So.2d 701, 703 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
We are of the opinion that the restriction imposed by section 924.051(3) on appeals such as this is reasonable. The supreme court appears to be of a like mind. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996) (suggesting section 924.051(3) imposes reasonable condition on right to appeal).
Any error in appellant's sentence might easily have been corrected, thereby avoiding expenditure of the time and money associated with this appeal, had he simply brought it to the trial court's attention pursuant to Florida Rule of Criminal Procedure 3.800(b), as amended by the supreme court effective July 1, 1996. Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996). Because he failed to do so, his complaint about his sentence has not been preserved for appellate review. Were we to assume that appellant's claim regarding his sentence is correct, the error would not be "fundamental" for purposes of section 924.051(3). Davis v. State, 661 So.2d 1193 (Fla.1995) (failure to file contemporaneous written reasons when imposing departure sentence not "fundamental" error). Accordingly, we affirm appellant's sentence.

III.

The Attorney Fee Order
Appellant complains that the trial court ordered him to pay a fee for the services of his appointed attorney without affording him notice and an opportunity to be heard. He asserts that this constitutes prejudicial error. The state does not address the merits of this issue. It argues only that, as with the issue regarding his sentence, appellant has failed to preserve this issue as required by section 924.051(3) and that, therefore, we must affirm. However, in making this argument, the state overlooks the fact that the supreme court has held that it is "fundamental" error to order a criminal defendant to pay attorney fees without affording adequate notice and an opportunity to be heard, which may be raised for the first time on appeal notwithstanding failure to raise the issue in the trial court. Henriquez v. State, 545 So.2d 1340 (Fla.1989) (citing Wood v. State, 544 So.2d 1004 (Fla.1989)). Accordingly, by the express language of section 924.051(3), this issue may be raised, notwithstanding the fact that it was never presented to the trial court.
Because the trial court ordered appellant to pay a fee for the services of his appointed attorney without affording him notice and an opportunity to be heard, we reverse. On remand, such a fee may again be imposed, provided that appellant is afforded adequate notice and an opportunity to contest its amount. E.g., Malphurs v. State, 680 So.2d 1128 (Fla. 1st DCA 1996).

IV.

Conclusion
In summary, we reverse the award of restitution to the daughter of the owner of the stolen vehicle because the trial court failed to conduct an evidentiary hearing notwithstanding appellant's objection to the amount of restitution claimed. On remand, the trial court may again award restitution, provided that it does so in compliance with applicable law. Likewise, we reverse the order requiring appellant to pay a fee for the services of his appointed attorney because appellant was afforded neither adequate notice nor an opportunity to be heard regarding the amount. On remand, the trial court may again order appellant to pay an attorney fee, provided *397 that it first affords him adequate notice and an opportunity to contest the amount. Finally, we affirm appellant's sentence because appellant failed to preserve the issue presented on appeal, as required by section 924.051(3), Florida Statutes (Supp.1996).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER and LAWRENCE, JJ., concur.