698 So.2d 914 (1997)
Walter MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3573.
District Court of Appeal of Florida, Fourth District.
September 3, 1997.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
After convicting defendant of cruelty to animals, the trial court sentenced him to 60 days in the county jail followed by 24 months probation. In the written order of probation dated September 19, 1996, the trial court imposed the following special condition: "Pay $1,000.00 to animal control trust fund." On appeal, defendant contends that this part of the written order does not conform to the oral pronouncement at sentencing.
Even if this were the case, because defendant's sentencing occurred after July 1, 1996, this appeal is governed by subsection 924.051(3), Florida Statutes (Supp.1996), part of the Criminal Appeal Reform Act of 1996. Pursuant to both subsection 924.051(3) and amended Florida Rule of Criminal Procedure 3.800(b), affirmance is required because defendant failed to object and further failed to file a motion to correct the sentence within ten days after rendition of the sentence. See Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997). Clearly, the error here is not fundamental. See Davis v. State, 661 So.2d 1193 (Fla.1995); Neal, 688 So.2d at 396.
*915 This is just the type of appeal that should be eliminated by the Criminal Appeal Reform Act. Judge Webster's observations in Neal are particularly appropriate here:
Any error in appellant's sentence might easily have been corrected, thereby avoiding expenditure of the time and money associated with this appeal, had he simply brought it to the trial court's attention pursuant to Florida Rule of Criminal Procedure 3.800(b).
688 So.2d at 396. By failing to follow this simple procedure, defendant wasted his time, the state's time and this court's time. The record in this case encompasses nearly four hundred pages. As the state points out, if defendant had raised this issue in the trial court through a timely motion, this alleged error might have easily been corrected.
AFFIRMED.
GLICKSTEIN and KLEIN, JJ., concur.