WHATLEY, Judge.
Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the issue of the amount of restitution that James Crews was ordered to pay following his convictions of burglary of a pawn shop and grand theft of guns taken from that pawn shop. This is the second appeal concerning the restitution issue. The first appeal resulted in this court remanding for a new restitution hearing because the original order of restitution had been imposed without sufficient proof of the victim’s loss. Crews v. State, 658 So.2d 616 (Fla. 2d DCA 1995). Our independent review of the record in this appeal revealed that no final order of restitution had been entered after the second restitution hearing. We therefore relinquished jurisdiction to the trial court for entry of a final order.
Judge Roberts entered a final order reflecting the oral pronouncement of the sentencing judge, Judge Bentley, who had retired. Judge Bentley had set restitution at $3,700 for the value of the stolen guns and damage to a building and reserved jurisdiction for forty-five days to determine the value of stolen jewelry. Judge Bentley wanted counsel to advise him on whether restitution could be imposed for the jewelry in light of the fact it was not listed in the information. Our review of the trial transcript reveals that jewelry was not stolen from the pawn shop. The only losses testified to by the owner and the manager of the pawn shop were damage to the shop and theft of the guns. The *85 manager specifically testified that all of the jewelry had been placed in a safe.
Accordingly, we affirm the order of restitution insofar as it orders payment of $3,700 for the stolen guns and for the damage to the building as that amount is supported by the record. We strike the reservation of jurisdiction with regard to the jewelry.
Restitution affirmed; reservation of jurisdiction stricken.
BLUE, A.C.J., and QUINCE, J., concur.