710 So.2d 159 (1998)
Ricky Allen DODSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-526.
District Court of Appeal of Florida, First District.
April 22, 1998.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
*160 PER CURIAM.
Appellant was charged with grand theft of a firearm. He entered a plea of no contest and was sentenced to three years in a youthful offender institution to be followed by three years on probation. He appeals the assessment of eighteen points on his sentencing guidelines scoresheet for possession of a firearm during the commission of the offense. He also challenges the imposition of certain costs and fees with no reference to statutory authority and without notice and an opportunity to be heard. We reverse and remand as set forth below.
Florida Rule of Criminal Procedure 3.703(d)(19) provides in pertinent part:
Possession of a firearm, semiautomatic firearm, or a machine gun during the commission or attempt to commit a crime will result in additional sentence points. Eighteen sentence points are assessed if the offender is convicted of committing or attempting to commit any felony other than those enumerated in subsection 775.087(2) while having in his or her possession a firearm as defined in subsection 790.001(6).
At sentencing, appellant was assessed eighteen points on his guidelines scoresheet for having in his possession a firearm during the commission of the crime. This assessment was improper under the facts of this case because appellant committed the crime when he took the firearm; he did not possess a firearm when he committed the crime. The plain language of rule 3.703(d)(19) limits its application to those instances where the charged offense is committed while the perpetrator possessed a firearm, not to those instances where the offense charged consists of acquiring a firearm. Stated otherwise, we construe the rule as authorizing an eighteenpoint assessment only when an offense is committed while in the possession of a firearm, not when an offense is committed by the acquisition of a firearm. We therefore reverse the sentence and remand for resentencing under an amended scoresheet.
We must also reverse the costs assessed in this case. At the sentencing hearing, the court orally imposed court costs of $660 and costs of supervision in the amount of $50 per month. The written judgment of guilt and placing defendant on probation provides: "Pay $660.00 to the Clerk of the Court on schedule of Probation Officer; said amount to include court costs, Crimes Compensation Trust Fund fee, Public Defender fee and statutory fees. The court places a $660.00 lien against you for court costs and fees. You may perform community service work in lieu of payment at the rate of minimum hourly wage." The written charges/costs/ fees form assesses $50 pursuant to section 960.20, Florida Statutes (Crimes Compensation Trust Fund), and $3.00 as a court cost pursuant to section 943.25(3), Florida Statutes (Criminal Justice Trust Fund).
Costs imposed in a criminal case must be specifically authorized by statute, and it is error to impose costs without reference to statutory authority or an explanation in the record as to what the costs represent. See Spencer v. State, 650 So.2d 228 (Fla. 1st DCA 1995); Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994). If a cost is discretionary under a statute, it must be orally pronounced at sentencing and the defendant must be given an opportunity to object. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). In addition, a public defender's fee cannot be imposed without notice and an opportunity to be heard to contest the amount. See Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995).
The state, citing section 924.051(3), Florida Statutes (Supp.1996), argues that appellant failed to preserve the issue of the imposition of costs and fees. In Neal v. State, 688 So.2d 392 (Fla. 1st DCA), rev. denied, 698 So.2d 543 (Fla.1997), this court held that it is fundamental error to order a criminal defendant to pay attorney's fees without affording adequate notice and an opportunity to be heard and, thus, that issue may be raised on appeal notwithstanding the fact that it was never presented to the trial court. See also Matke v. State, Case No. 97-1386, ___ So.2d ___, 1998 WL 55968 (Fla. 1st DCA Feb.13, 1998). Because it is impossible on the instant record to ascertain the amounts appropriated to the public defender's fee and other discretionary costs, we must reverse and remand with directions to *161 the trial court to specify the amount allocated for each cost assessment, to cite the statutory authority therefor, and to provide notice and an opportunity to be heard with regard to the reassessment of a public defender's fee or any discretionary cost.
It is unnecessary for us to address whether the wrongful imposition of discretionary costs, standing alone, constitutes fundamental error in light of the order on appeal, which makes it impossible to segregate the amount of the public defender's fee from the discretionary costs.
The advent of section 924.051 and amended Florida Rule of Criminal Procedure 3.800(b) has created, and will continue to create, some uncertainty in the area of what constitutes fundamental error with regard to certain sentencing errors. Although we are reversing the imposition of the public defender's lien under our previous holding in Neal, it is not entirely clear to us whether this error would rise to the level of fundamental error in light of the creation of a formal process for challenging incorrect sentences under amended rule 3.800(b). In Neal, we relied upon the supreme court case of Henriquez v. State, 545 So.2d 1340 (Fla.1989)(citing Wood v. State, 544 So.2d 1004 (Fla.1989)), for the proposition that it is fundamental error to order a criminal defendant to pay attorney's fees without affording adequate notice and an opportunity to be heard, which error may be raised for the first time on appeal notwithstanding the failure to raise the issue in the trial court. The Henriquez and Wood decisions, which precede the effective date of section 924.051 and amended rule 3.800(b), address the question of preservation of error in the context of a contemporaneous objection. The Florida Supreme Court in those cases appeared concerned that assessment of this cost without notice and a hearing violated due process. At that time, there was no formal procedure in place under rule 3.800 by which to seek correction of an error at the trial-court level. Under amended rule 3.800(b), defendants now have a 30-day window of opportunity within which to raise before the trial court the issue of the wrongful imposition of discretionary costs. Defendants are no longer without any recourse to have such errors corrected, and the issue of due process, which was the concern prior to the creation of rule 3.800(b), is no longer paramount.
Following the enactment of section 924.051 and amended rule 3.800(b), this court has issued several decisions on the issue of what constitutes fundamental error in the context of allegations of other various sentencing errors. See e.g., Howard v. State, 705 So.2d 947, (Fla. 1st DCA 1998)(affirming as unpreserved the trial court's failure to award credit for time served); Cargle v. State, 701 So.2d 359 (Fla. 1st DCA 1997)(affirming as unpreserved a claim that the trial court erred in sentencing juvenile as adult without considering statutory criteria in section 39.059(7)); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997)(affirming as unpreserved a claim that defendant received an improper upward departure sentence because the sole reason given for the departure had already been taken into account in computing his guidelines score); Williams v. State, 697 So.2d 164 (Fla. 1st DCA 1997)(affirming as unpreserved an alleged scoresheet error). We fail to see how the wrongful imposition of a nominal discretionary attorney's fee lien can be deemed any more fundamental than wrongful incarceration.
In light of the large number of cases that will be affected by our determination of this issue, we certify the following question to the Florida Supreme Court:
WHETHER THE WRONGFUL IMPOSITION OF A PUBLIC DEFENDER'S LIEN CONSTITUTES FUNDAMENTAL ERROR WHICH MAY BE CHALLENGED ON DIRECT APPEAL WITHOUT HAVING BEEN PRESENTED TO THE TRIAL COURT, IN LIGHT OF SECTION 924.051(3), FLORIDA STATUTES (SUPP.1996), AND AMENDED RULE 3.800(b), FLORIDA RULES OF CRIMINAL PROCEDURE.
REVERSED and REMANDED for resentencing consistent with this opinion.
MICKLE, LAWRENCE and PADOVANO, JJ., concur.