712 So.2d 1229 (1998)
J.P.C., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2533.
District Court of Appeal of Florida, First District.
June 26, 1998.
*1230 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, Judge.
J.P.C. (appellant) appeals the trial court's order of disposition, following appellant's adjudication as a delinquent child. The issues presented are: (1) whether the trial erred in ordering appellant to low-risk commitment, without obtaining a recommendation from the Department of Juvenile Justice (Department) as to the appropriate commitment level; and (2) whether the trial court erred in ordering appellant to pay $6.00 to the "Ordinance Fund." We reverse.
Appellant was twelve years of age when he entered a plea of nolo contendere to a charge of throwing a deadly missile (a rock) into a moving vehicle. The Pre-Disposition Report (PDR) ordered by the trial court indicates appellant has been diagnosed as having Attention Deficit Disorder (ADD). The PDR indicates the Department recommended community control as the appropriate disposition for appellant.
At the disposition hearing, appellant's counsel advised the trial court that since appellant's medication was changed, there was a notable improvement in his behavior. Counsel orally advised the trial court that the Department recommended a community control disposition, and asked that appellant be placed on community control. The prosecutor opposed a community control placement, urging that a moderate risk placement was indicated in this case. The prosecutor further advised that restitution was due in the amount of $567.95 on behalf of the victim's insurer, and $50.00 for the victim personally.
The trial court adjudicated appellant delinquent, and committed him to the custody of the Department in low risk placement, to be followed by postplacement community control. The court ordered payment of restitution as outlined by the prosecutor, with a minimum payment of $25.00 per month; $50.00 to the Crimes Compensation Trust Fund; and $6.00 to the Ordinance Fund. The written restitution order conforms to the oral pronouncement.
As it has in numerous recent appeals, the state relies upon recently enacted section 924.051, Florida Statutes (Supp.1996), for the proposition that the issues raised in this appeal have not been preserved, and may not be considered. In advancing this argument, the state recognizes this court has held that section 924.051 is not applicable to juvenile proceedings. After the briefs were filed in this case, the Florida Supreme Court approved this court's previous rulings, holding that section 924.051 is inapplicable to juvenile proceedings. See State v. T.M.B., ___ So.2d ___ (Fla.1998) [23 Fla. L. Weekly S180 (Fla. Apr. 2, 1998)].
*1231 The first issue raised in this case is whether the trial court was required to obtain a second recommendation from the Department as to the appropriate restrictiveness level, after rejecting the Department's recommendation of community control. This same issue was addressed in L.R.J. v. State, 706 So.2d 72 (Fla. 1st DCA 1998). In L.R.J., as in this case, the Department prepared a PDR recommending community control. The trial court rejected the recommendation, and imposed a low-risk commitment without seeking a second recommendation from the Department before imposing commitment. The court noted the decisions from this court which hold that community control is not a "restrictiveness level," and that section 39.052(4)(e)3.,[1] does not apply where the change is from community control to commitment. The state argued in L.R.J., as it does here, that the two-recommendation process is redundant and wasteful of judicial resources. The L.R.J. panel reversed and remanded, but certified the question whether the trial judge has authority to reject the Department's community control recommendation without remanding the case to the Department for an alternative recommendation regarding an appropriate restrictiveness level.
The state recognizes that this court has held that "section 39.052(4)(e)2, Florida Statutes, unequivocally requires the court to receive and consider a recommendation from the Department as to restrictiveness level before ordering commitment." See See S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). See also O.M. v. State, 689 So.2d 1265 (Fla. 1st DCA 1997); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997); K.Y.L. and N.L. v. State, 685 So.2d 1380, 1381 (Fla. 1st DCA 1997). The state asserts these cases were wrongly decided.
In D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998), the Second District disagreed with this court's construction of the statute. The panel deciding D.L.B. concluded the statute does not require the trial court to ask for a second recommendation once it has rejected the Department's non-commitment recommendation. The court approved the trial court's refusal to request a second recommendation from the Department, and noted conflict with this court's decisison on this issue.
Pursuant to this court's precedent, we must reverse the disposition order in this case, and remand the cause with directions to comply with the provisions of section 39.052(4)(e)2, as construed by this court. In so doing, we certify that decisions of this court conflict with the decision of the Second District Court of Appeal in D.L.B., with regard to the same legal issue.
The second issue raised in this appeal concerns the $6.00 assessment to the "ordinance fund." "Costs imposed in a criminal case must be specifically authorized by statute, and it is error to impose costs without reference to statutory authority or an explanation in the record as to what the costs represent." See Dodson v. State, 710 So.2d 159 (Fla. 1st DCA 1998).
The record in this case is silent concerning the nature of the "ordinance fund." Neither the trial court's oral pronouncement nor the court's written restitution order cites to statutory authority or furnishes an explanation for the $6.00 ordinance fund assessment. Before orally pronouncing the ordinance fund assessment, the trial court inquired whether defense counsel had any objection to the restitution amounts, i.e., the $567.95 to the victim's insurer and $50.00 to the Crimes Compensation Trust Fund. Defense counsel indicated there was no objection to the amounts requested by the state. At that point, no reference had been made to an "ordinance fund." The $6.00 ordinance fund assessment must be stricken, because no statutory authority has been provided for this cost assessment, and there is nothing in *1232 the record which explains what the cost represents. See Dodson; Crews v. State, 700 So.2d 84 (Fla. 2d DCA 1997).
Accordingly, the disposition order is reversed and remanded for further proceedings consistent with this opinion.
BARFIELD, C.J., and WOLF, J., concur.
NOTES
[1] § 39.052(4)(e)3., Fla.Stat. (Supp.1996), provides:

3. The court shall commit the child to the department at the restrictiveness level identified or may order placement at a different restrictiveness level. The court shall state for the record the reasons which establish by a preponderance of the evidence why the court is disregarding the assessment of the child and the restrictiveness level recommended by the department. Any party may appeal the court's findings resulting in a modified level of restrictiveness pursuant to this subparagraph.