PER CURIAM.
We accepted jurisdiction to review State v. Scott, 692 So.2d 234 (Fla. 5th DCA 1997), in order to resolve conflict with Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
During the sentencing proceedings here, the State urged the trial court to assess an additional eighteen points to the defendant’s sentencing seoresheet based upon the defendant having acquired a firearm during the commission of the offense of grand theft of a firearm. Defense counsel objected and the following colloquy occurred:
MR. LANNING: I would object to that scoring on the following grounds:
First, the offense itself has been enhanced from regular grand theft which is a level two offense to a level four offense merely by virtue of stealing the firearm. And this would constitute a double enhancement adding additional points when points have already been added because of the offense.
Secondly, the statutory reading is ambiguous, or I believe it would require the commission of a separate felony.
Here the felony is stealing the firearm. And the statute or the rule, if an offender is convicted of committing or trying to commit any felony other than those enumerated 775.087(2) while having in his possession a firearm an additional eighteen points are added, and I believe that contemplates a separate felony.
This is the felony. It’s not — it’s not committing a grand theft while having in his possession a firearm, or trafficking in drugs while having in his possession a firearm. This constitutes the entire crime. *752 And I believe scoring eighteen points would be inappropriate.
THE COURT: We had discussed this exact point earlier. It’s the Court’s opinion that the offense itself would not exist without the firearm.
The Legislature has determined that grand theft of a firearm is a stand alone sort of offense. Grand theft is a level two offense. Grand theft of a firearm is a level four offense.
It seems to me that it’s appropriate to have the firearm enhancement when you can’t have the crime without the firearm. And when the Legislature has already made special provisions for the firearm, I think 'that it’s inappropriate under grand theft of a firearm to assess the eighteen points.
In this particular case the firearm enhancement would only apply to the — and I think this is agreed to the by the State— would only apply to the grand theft of a firearm count, correct, Mr. Brown?
MR. BROWN: Correct.
THE COURT: Okay. Now, if in the course of the grand theft of the other merchandise, whatever it was here, VCR or whatever, he used a firearm in the commission of that grand theft and it was charged as a grand theft with the use of a firearm and not the grand theft of the firearm, I think then the enhancement would be appropriate. But under the circumstances the way the case is charged, I think it is not and I will strike the eighteen points from the — from the sentencing guidelines scoresheet.
Although the trial court declined to assess the additional points, on appeal the district court reversed, but acknowledged conflict with Galloway. We agree with the trial court’s reasoning, which is consistent with Galloway, as well as the First District’s recent holding in Dodson v. State, 710 So.2d 159 (Fla. 1st DCA 1998).
We resolved the conflict between Galloway and White v. State, 689 So.2d 371 (Fla. 2d DCA 1997), in White v. State, 23 Fla. L. Weekly S 311, 714 So.2d 440 (Fla. 1998), wherein we approved Galloway. In White, we cited with approval the Fourth District’s emphasis on the word “while” within the meaning of Florida Rule of Criminal Procedure 3.702(d)(12):
The Fourth District placed particular importance on the language of rule 3.702(d)(12) that expressly provided assessment of eighteen points when a defendant was convicted of a felony “while having in his or her possession a firearm.” In other words, the court construed the “while” language to mean that the firearm possession must occur during the commission of a separate crime that does not itself necessarily involve possession of firearm as a legal element thereof.
23 Fla. L. Weekly at S 312, 714 So.2d at 442 (citation omitted). Further, we also favorably noted the First District’s opinion in Dodson, White, 23 Fla. L. Weekly at S313 n. 3, 714 So.2d at 442 n. 3 which involved circumstances similar to those herein. In Dodson, the First District held that the defendant was improperly assessed eighteen points for grand theft of a firearm because he “committed the crime when he took the firearm; he did not possess a firearm when he committed the crime.” Dodson, 710 So.2d at 160. Our construction of Galloway and its interpretation of rule 3.702(d)(12) logically extends to those cases, such as the instant case, involving grand theft of a firearm, i.e., where “an offense is committed by the acquisition of a firearm.” Dodson, 710 So.2d at 160.
Accordingly, we quash Scott and remand this case to the district court for further proceedings consistent with our opinion in White.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., dissents with an opinion.