LAWRENCE, Judge,
dissenting.
I respectfully dissent because, in my view, not only did Calhoun fail to preserve the complained-of issue but, worse still, the majority position interferes with the ability of *1182 the trial judge to manage his or her courtroom.
One easily may discern from the record that this was a typical trial court day devoted to the acceptance of plea agreements, and the imposition of sentences. It is apparent, based on references in the record to “bringing some more prisoners,” that other defendants were present in the courtroom, awaiting sentencing. Calhoun himself acknowledged that he currently was incarcerated in the county jail. The trial judge accepted Calhoun’s no contest plea, and proceeded to the sentencing phase. Calhoun raised no issue about the guidelines scoresheet; he made no objection to the scoresheet’s correctness. The trial judge in fact, before accepting Calhoun’s plea, noted that the guidelines scoresheet ranged from thirty-four months to fifty-seven months in prison, that there was no “valid reason to go below the guidelines,” and that Calhoun had “a serious substantial prior record.” Calhoun, despite these judicial observations, failed to object to any aspect of the scoresheet. Following arguments by the State and a passionate plea by Calhoun (in proper person) for county jail time, a prison sentence of fifty months was announced by the court, with a discussion of proper credit for time served. The sentencing hearing was then over, because neither the State nor Calhoun attempted to further address the court in any respect. The judge then announced a recess.
Following the recess, Calhoun’s attorney said:
Judge, while they’re bringing some more prisoners, if we could call Michael Calhoun back. Judge, this is Mr. Calhoun. You sentenced him to 50 months in the state prison. After talking with Mr. Calhoun about his scoresheet, he has some disagreements in the scoresheet. And I feel like if I don’t object at this time, it will be forever waived. So I need to object to some of the things on here that he’s contesting. The burglary charge, you say that was—
The trial judge, although initially not interrupting Calhoun and his counsel, when it became apparent that the disgruntled Calhoun was commencing a lengthy assault on the factual basis underlying his sentencing scoresheet, announced: “Wait a minute. This case is over with now.” Calhoun nevertheless ignored the court’s announcement, and persisted in rearguing the reasons why the judge should have sentenced him to county jail, instead of prison. Finally, the trial judge interrupted Calhoun’s tirade and said: “Call the next case.”
There is nothing in the record to support the majority’s statement that Calhoun “had not previously had an opportunity to review the scoresheet.” Rather, the above-quoted statements of Calhoun’s attorney reflect that only after the undesired sentence was imposed, and the hearing concluded, did Calhoun contend that there were errors in the scoresheet. Calhoun does not contend that he was not afforded time to review the score-sheet before the sentencing hearing commenced. Calhoun should not be heard to complain, in view of the facts that he came to the sentencing hearing unprepared, and made no objection before sentence was imposed. Calhoun, if he had not had an opportunity to review the scoresheet, immediately should have objected to proceeding with sentencing, until a reasonable review of the scoresheet was accomplished. Calhoun failed to object; he thus proceeded to sentencing at his own peril.
The trial judge, had he permitted Calhoun to reopen the sentencing hearing, and had he allowed Calhoun to persist in rearguing his case after the judge made it clear that the hearing was over and that Calhoun was out of order, would have encouraged other defendant prisoners in the courtroom to do the same. A trial judge should not be prohibited from maintaining proper decorum in the courtroom, nor should a judge be prohibited from administering an orderly flow of his or her docket. I necessarily conclude that the experienced trial judge in this ease was exercising his discretion in an entirely appropriate way, and thereby was discouraging others from engaging in antics similar to those exhibited by Calhoun. There was no failure to rule upon an objection, because Calhoun was not properly before the court when he *1183 objected, and the trial judge properly refused to reopen the sentencing hearing.
I particularly take issue with the majority’s conclusion that “the trial judge has caused the unnecessary use of the appellate process.” Rather, it is Calhoun who has caused the unnecessary use of the appellate process. As we recently held in Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997):
Any error in appellant’s sentence might easily have been corrected, thereby avoiding expenditure of the time and money associated with this appeal, had he simply brought it to the trial court’s attention pursuant to Florida Rule of Criminal Procedure 3.800(b), as amended by the supreme court effective July 1,1996.
Id. at 396. Calhoun immediately could have filed a postconviction motion before the same trial judge. Such action promptly would have brought the issue back before the court for resolution, without the need to invoke the appellate process. That same remedy indeed still would be available to Calhoun had an affirmance been the majority position in this case.
I would affirm the judgment and sentence.