732 So.2d 1149 (1999)
Donna Melissa COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4780.
District Court of Appeal of Florida, First District.
April 13, 1999.
Rehearing Denied May 26, 1999.
*1150 Nancy A. Daniels, Public Defender; and Tracy T. Murphy, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Veronica S. McCrakin, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Donna Melissa Collins (Collins) appeals from a prison and probation sentence after her entry of a nolo contendere plea pursuant to a plea bargain with the State. Collins argues that her sentence should be vacated, because the trial judge failed to provide written reasons for her departure sentence, and the sentence violates her constitutional protection from double jeopardy. We affirm.

Facts
On December 31, 1996, Collins was charged with six counts each of forgery, uttering, and felony petit theft, in circuit court case no. 96-988 CF. On March 4, 1997 Collins pled no contest to the forgery charges and three counts of petit theft. The State nol prossed the six uttering charges, and three counts of felony petit theft. On May 5, 1997, Collins was placed on probation for 30 months for forgery, and 6 months concurrent on the petit theft charges.
On June 30, 1997, in case no. 97-465 CF, Collins was charged with one count of felony petit theft and opposing an officer without violence. She pled guilty to felony petit theft, and the state nol prossed the charge of opposing an officer without violence.
On July 8, 1997, in case no. 97-347, Collins was charged with six counts of felony petit theft and four counts of cheating, based on allegations that she fraudulently returned merchandise and received refunds during November and December 1996 at several local businesses. She pled guilty to three counts of cheating and three counts of felony petit theft. The state nolle prossed one count of cheating and three counts of felony petit theft.
On September 13, 1997, in case no. 97-687, Collins was charged with one count each of felony petit theft and cheating, again, for fraudulently returning merchandise and receiving refunds. She pled guilty to both counts. Collins was alleged to have violated her probation in case no. 96-988 by virtue of all of the new cases.
Collins was sentenced in all of the cases on November 10, 1997. During the plea colloquy, Collins stated she believed the plea was in her best interest and she fully understood the rights she gave up by entering the guilty pleas. The state argued that a departure sentence was warranted because Collins was engaged in a "crime wave." The trial court agreed and sentenced Collins to five years in the Florida Department of Corrections (DOC) in case no. 97-347 for three of the felony petit theft counts, to be followed by five years' probation on each of the four cheating *1151 counts. In case no. 97-465, she was sentenced to five years' probation for one count of felony petit theft, consecutive to her DOC sentence and concurrent with 97-347. In case no. 97-687, she was sentenced to five years' probation for each count of felony petit theft and cheating, consecutively to her DOC sentence, but concurrent with each other and concurrent with the sentence in 97-465. For violating her probation in case no. 96-988, Collins' probation was revoked and she was sentenced to time served (57 days) on the three petit theft charges. In addition, she was sentenced to five years' probation on each forgery count. The probationary term was to run consecutively to her state prison sentence in the "97" cases. At sentencing, the judge informed Collins as to his reasons for imposing an upward departure sentence.

Written Reasons for Departure
This court cannot address the validity of the departure sentence because the issue was not preserved for appeal as required by Florida Rule of Criminal Procedure 3.800(b) and section 924.051 Florida Statutes (1996). Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997). Section 924.051(3), Florida Statutes, and Rule 3.800(b) require defendants to preserve sentencing errors by making a contemporaneous objection or filing a written motion to correct sentence within 30 days after entry of the sentence. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996); Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1271 (Fla.1996); Quesada v. State, 707 So.2d 808 (Fla. 4th DCA 1998), citing Mason v. State, 698 So.2d 914 (Fla. 4th DCA 1997); Neal, 688 So.2d at 396. Section 924.051(3), Florida Statutes, provides that:
An appeal cannot be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
Section 924.051(1)(b), Florida Statutes, provides that an issue is "preserved" when:
an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and ... the issue, legal argument or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor.
In this case, during the sentencing hearing, Collins objected "to the scoresheet, as written" and stated: "For the record, I'd like to have a standing objection to the guideline, or to the sentence." These objections were not "sufficiently precise" so as to fairly apprise the trial court "of the relief sought and the grounds therefor" as required by section 924.051(1)(b), Florida Statutes.
Although Collins correctly notes the trial judge failed to provide contemporaneous written reasons for imposing a departure sentence, such failure is not fundamental error. Neal, 688 So.2d at 396, citing Davis v. State, 661 So.2d 1193 (Fla. 1995) (failure to file contemporaneous written reasons when imposing departure sentence not "fundamental" error). Additionally, Collins did not file a written motion to correct the sentence within thirty days after the rendition of the sentence. Fla. R.Crim.P. 3.800(b); Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775; Amendments to the Florida Rules of Criminal Procedure, 685 So.2d at 1271; Quesada, 707 So.2d at 811; Mason, 698 So.2d at 914.

Double Jeopardy
Collins next argues that her conviction and sentence violate her rights *1152 against double jeopardy. As a double jeopardy violation constitutes fundamental error, we are compelled to address Collins' contentions, but find them without merit. Henry v. State, 707 So.2d 370 (Fla. 1st DCA 1998). A conviction and sentence based upon a general plea (nolo contendere or guilty) entered pursuant to a plea bargain effects a waiver of double jeopardy rights. Novaton v. State, 634 So.2d 607, (Fla.1994).
Collins and the State entered into a plea agreement providing for Collins to enter a plea to the charges, upon which her conviction and sentence are based, provided the State would nol pros other pending charges against Collins. As a result of, and in compliance with the plea agreement, Collins entered a plea of nolo contendere, and the State nol prossed the remaining charges. These actions constitute a "plea bargain" under Novaton. Accordingly, Collins thereby waived her double jeopardy rights and is barred from seeking reversal on that basis.
Collins contends that Novaton is inapplicable, by distinguishing the facts. She argues that the plea agreement considered by the court in Novaton included the sentence the defendant was to receive, whereas the plea bargain here does not include a sentence. This is not a controlling difference. See Bryant v. State, 644 So.2d 513 (Fla. 5th DCA 1994)(holding that a similar distinction "lacks legal merit since no case we have found suggests that a `bargained for plea' requires the courts to weigh the wisdom or sufficiency of consideration.") rev. den. 654 So.2d 130 (Fla.1995)
Further, the supreme court in Novaton does not require any particular component to be a part of a plea bargain as a prerequisite to entry of the conforming plea's effecting a waiver of double jeopardy rights. The opinion clearly provides that the only "requirement" is a "plea bargain" followed by implementation of the conditions of the plea bargain. In the face of such a clear expression by the court, any exception must come from it.
We affirm the trial court's conviction and sentence for the reasons stated.
ALLEN and WEBSTER, JJ., CONCUR.