BROWNING, J.
In Collins v. State, 766 So.2d 1009 (Fla.2000), the supreme court quashed that portion of our decision in this case that affirmed the departure sentence imposed, Collins v. State, 732 So.2d 1149 (Fla. 1st DCA 1999), and remanded for further consideration of that issue in light of Maddox v. State, 760 So.2d 89 (Fla.2000).
In this case, the trial court imposed an upward departure sentence, explaining at the sentencing hearing its reasons for doing so. However, the trial court never filed written reasons justifying the departure. As we read Maddox, in cases such as this that do not involve consent by the defendant as part of a plea agreement to an upward departure sentence, we are required to reverse the departure sentence because no written reasons were filed, and to remand with directions that the trial court impose a guidelines sentence. See Maddox, 760 So.2d at 106; Pope v. State, 561 So.2d 554 (Fla.1990). Accordingly, the departure sentence is reversed, and the case is remanded with directions that the trial court impose a guidelines sentence. Except as modified by this opinion, our prior opinion remains in effect.
ALLEN and WEBSTER, JJ„ CONCUR.