588 So.2d 279 (1991)
STATE of Florida, Appellant,
v.
John Warren BRUGMAN, Appellee.
No. 90-02038.
District Court of Appeal of Florida, Second District.
October 25, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and William Pena Wells, Asst. Public Defender, Bartow, for appellee.
PARKER, Judge.
The State of Florida appeals an order dismissing the information charging John Warren Brugman with dealing in stolen property. We reverse the order because there was no competent evidence to support the trial court's ruling.
Brugman filed an unsworn motion to dismiss, arguing that the information charging him with dealing in stolen property should be dismissed because he was a victim of entrapment. At the hearing on the motion, neither side presented testimony or documentary evidence; there was only legal argument and counsel's representations regarding the facts. The trial judge granted the motion to dismiss.
Brugman did not bring this motion pursuant to Florida Rule of Criminal Procedure 3.190(c)(4); therefore, the trial court was required to have an evidentiary basis to determine the issue of objective entrapment. See State v. Smith, 575 So.2d 314 (Fla. 2d DCA 1991). An attorney's unsworn statement does not establish a fact in absence of a stipulation. Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). Thus, there was no competent evidence presented to the trial court.
Brugman argues that this point cannot be raised on appeal because the state *280 did not object to counsel's representations of fact at the trial level. We disagree because all orders of this type must be supported by competent evidence. One case seems to support Brugman's position. In the case of Waste Management, Inc. v. Florida Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990), this court stated:
[W]e discuss FP & L's contention that Waste Management failed to present competent evidence in support of its claim that the documents in dispute are work product. FP & L asserts that Waste Management supported its claim of qualified privilege only through argument of counsel, not evidence. It is generally true that argument of counsel cannot be a trial court's basis for making a factual determination. Here, however, FP & L failed to object to the trial court to the factual representations made by counsel for Waste Management. In the absence of fundamental error, which is not present in this case, FP & L cannot complain for the first time on appeal of an alleged error not disputed in the trial court.
Waste Management, 571 So.2d at 509 (citations omitted). Waste Management, however, can be distinguished from the instant case. The attorney's representations in Waste Management went to procedural aspects of the case, matters about which the attorney had personal knowledge which he could address as an officer of the court. In this case, the attorney's representations involved facts not within his firsthand knowledge.
The state failed to argue the merits of the trial court's ruling. If this court accepts the allegations contained in the motion to dismiss and the representations of counsel, it appears that the entrapment defense would not be available to Brugman. The government agent contacted Barbara Edwards who in turn contacted Brugman and brought Brugman into the illegal activity. A defense of entrapment is not available to a defendant who is induced by a middleman, and not a governmental agent, to engage in crime. State v. Hunter, 586 So.2d 319 (Fla. 1991). Accordingly, Brugman's entrapment defense fails as a matter of law.
Reversed and remanded for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.