PARKER, Judge,
concurring.
We are affirming the trial court’s order that a videotape recording produced by a mounted video camera taping students while riding on Hillsborough County public school buses are “student records and reports,” pursuant to section 228.093, Florida Statutes (1993). I agree to an affirmance because I can concur that these recordings could be utilized to produce “verified reports of serious or recurrent behavior patterns,” which section 228.093(2)(e), Florida Statutes (1993)[1] includes in its list of materials which may be considered as part of a student’s record.
I write separately because although I agree these recordings can be official student records, I want to make clear that I conclude that the statute mandates the school board to comply with several requirements if these recordings are considered official school records. Section 228.093 sets forth provisions for the creation, maintenance, and use of each student’s record and to assure its confidentiality. I, therefore, believe that the School Board of Hillsborough County must maintain these recordings, with the names of the students taped on each recording, like any other student record. I reach this conclusion because this statute provides that a student or a parent has a right of access to *332 be shown a student’s records, see § 228.093(3)(a) 2, Fla.Stat. (1993),[2] and that copies of the report must be furnished to the student and his or her parents. See § 228.093(3)(a)3, Fla.Stat. (1993).[3] If the school board advocates to the trial court and to this court that this recording is a student record, the school board must comply with the statute and maintain the recording and copy it upon request from a student or a parent. Because the recording contains the student record of more than one student, the school board must provide the student or the parent that portion of the recording that displays only that one student. See § 228.093(3)(a)2, Fla.Stat. (1993). The school board, therefore, will need some technical expertise to comply with such a request.
I believe that this concurring opinion is necessary because there may well be a problem with the manner in which the school board handles these recordings. Although an attorney’s unsworn statement to the court cannot be used to establish a factual determination in this case, see State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991), the attorney for the school board represented at oral argument that these recordings are not maintained. Instead, they are erased and reused for a new recording. If the record in this case had supported that this was the school board’s procedure, I would disagree with affirming this case because I believe erasing these recordings either violates the provisions of the statute or excludes these recordings from protection as official student records.

. This subsection provides in part:
(e) "Records” and "reports” mean any and all official records, files, and data directly related to pupils and students which are created, maintained, and used by public educational institutions, including all material that is incorporated into each pupil’s or student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes. Materials which shall be considered as part of a pupil’s or student's record include, but are not necessarily limited to: identifying data, including a student’s social security number; academic work completed; level of achievement records, including grades and standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results; health data; family background information; teacher or counselor ratings and observations; verified reports of serious or recurrent behavior patterns; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution or by a person acting for such agency or institution.
§ 228.093(2)(e), Fla.Stat. (1993).

. This subsection provides:
2. Such parent, guardian, pupil, or student shall have the right, upon request, to be shown any record or report relating to such pupil or student maintained by any public educational institution. When the record or report includes information on more than one pupil or student, the parent, guardian, pupil, or student shall be entitled to receive, or be informed of, only that part of the record or report which pertains to the pupil or student who is the subject of the request. Upon a reasonable request therefor, the institution shall furnish such parent, guardian, pupil, or student with an explanation or interpretation of any such record or report.
§ 228.093(3)(a)2, Fla.Stat. (1993).

. This subsection provides as follows: “Copies of any list, record, or report requested under the provisions of this paragraph shall be furnished to the parent, guardian, pupil, or student upon request.”