PER CURIAM.
In this appeal, Richard Coleman contends, and the State agrees, that the sen *240 tence imposed for violation of probation constituted a departure sentence for which written reasons were required. See State v. Davis, 630 So.2d 1059 (Fla.1994). The record is clear, however, that the trial court did not intend to impose a departure sentence; therefore, upon remand, the trial court may depart from the guidelines by providing valid written reasons. See State v. Vanhorn, 561 So.2d 584 (Fla.1990); Brown v. State, 639 So.2d 1136 (Fla. 5th DCA 1994).
Next, Coleman asserts that the trial court imposed restitution without first considering his financial resources. The record shows that Coleman attempted to assert his inability to pay restitution and asked the trial court to address his ability to pay. The trial court refused, stating, “[T]hat’s a matter you’ll have to address on its merits if the state ever attempts to charge you with violating your supervision for not meeting that. It’s not an impediment to the assessment of the obligation.” The State concedes that both case law and statutory law require the trial court to consider a defendant’s ability to pay restitution prior to imposing such an order. See § 775.089(6), Fla.Stat. (1993); Burch v. State, 617 So.2d 846 (Fla. 4th DCA 1993).
REVERSED and REMANDED for a hearing on Coleman’s ability to pay restitution and for resentencing.
COBB, GOSHORN and DIAMANTIS, JJ., concur.