678 So.2d 857 (1996)
Franklin James PICKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2694.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of appellee's motion for rehearing, we grant the motion, withdraw our opinion filed March 1, 1996, and affirm appellant's conviction and sentence for manslaughter. We agree with appellant, however, that several conditions of his eight year probation must be stricken.
Appellant was ordered to pay law enforcement investigative costs in the amount of $250. No documentation was provided for that cost, nor was there any reference to the statute supporting such an order. This was error and the cost must accordingly be stricken. See Madison v. State, 664 So.2d 1140 (Fla. 5th DCA 1995); Daniels v. State, 656 So.2d 251 (Fla. 1st DCA 1995).
Similarly, the $500 cost of prosecution that appellant was ordered to pay must be stricken because it was unsupported by documentation. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995); Smith v. State, 543 So.2d 348 (Fla. 5th DCA 1989). To the extent that the condition could be read to include reimbursement of the state attorney's fees, the condition is not proper because state attorneys' fees are not recoverable as costs of prosecution under subsection 939.01(1), Florida Statutes (1995). Weeks v. State, 659 So.2d 695 (Fla. 4th DCA), rev. denied, 666 So.2d 145 (Fla.1995).
Appellant also challenges condition (7) of the probation order which prohibits him from using intoxicants to excess. He asserts that the failure of the court to orally pronounce this condition should result in its being stricken. We disagree. This provision is identical to condition (7) of the order of probation form found in Florida Rule of Criminal Procedure 3.986(e). In State v. Hart, 668 So.2d 589 (Fla.1996), the supreme court held that oral pronouncement of the general terms of probation contained in conditions one through eleven of the form is unnecessary. See also Justice v. State, 674 So.2d 123 *858 (Fla.1996). Accordingly, the condition was properly imposed.
Appellant was ordered to pay restitution in the amount of $2,876 "to be dispersed to the Crimes Compensation Trust Fund at a rate to be determined by your Probation Officer through the Florida Department of Corrections." At the sentencing hearing, the prosecutor sought restitution on the basis of section 960.17. Defense counsel objected, arguing that the State had not given notice of the request, nor had it provided any supporting documentation. He further argued that appellant did not have the ability to pay.
At the time appellant was sentenced, subsection 775.089(6) required the trial court to determine a defendant's ability to pay. The court here did not make any findings relative thereto. Upon remand the trial court has the option to either strike the restitution provision or conduct the appropriate evidentiary hearing.[1]See Weeks; Coleman v. State, 651 So.2d 239 (Fla. 5th DCA 1995). Further, it was error for the court to direct the probation officer to set the restitution payment schedule as only the trial court may do so. See Hillman v. State, 636 So.2d 181 (Fla. 5th DCA 1994).
Finally, the State concedes that the $96 First Step fee should be stricken.
We affirm appellant's conviction, strike the probation provisions as discussed above, and remand for further proceedings consistent herewith.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
DAUKSCH, GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] It should be noted that in 1995, the Legislature amended the restitution statute to require consideration of a defendant's financial resources only at the time of enforcement, not imposition. Ch. 95-160, § 1, at 1288, Laws of Fla. This amendment did not take effect until May, 1995, and thus is not applicable to appellant's probation order.