753 So.2d 748 (2000)
Thomas Leonard SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1397.
District Court of Appeal of Florida, Second District.
March 22, 2000.
James Marion Moorman, Public Defender, and Mark Wolfe, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Thomas Leonard Sheppard appeals his judgment and sentence for filing a fraudulent insurance claim, a violation of section 817.234, Florida Statutes (1997), and for grand theft, a violation of section 812.014, Florida Statutes (1997). Mr. Sheppard also appeals an order imposing restitution. We affirm Mr. Sheppard's judgment and sentence without comment, but we reverse and remand the restitution order.
The trial court ordered Mr. Sheppard to pay restitution to the victim, USAA Insurance Company, and to Division of Insurance Fraud. It appears the trial court committed no error when setting the amounts Mr. Sheppard was to reimburse these two entities for their respective investigative costs. However, the trial court's restitution order fails to distinguish between restitution, governed by section 775.089, Florida Statutes (1997), and costs of conviction, governed by section 938.27, Florida Statutes (1997). The Division of Insurance Fraud is not a "victim" in this case and cannot receive restitution. See Sam (Seam) v. State, 741 So.2d 1247 (Fla. 2d DCA 1999). As in Sam, the State is not precluded from seeking these costs on *749 remand provided it complies with section 938.27, Florida Statutes (1997).
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., ALTENBERND, and WHATLEY, JJ., Concur.