784 So.2d 1207 (2001)
Esmie HECTOR & Diana McPherson, Appellants,
v.
STATE of Florida, Appellee.
No. 2D00-1165.
District Court of Appeal of Florida, Second District.
April 11, 2001.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellants.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
Esmie Hector & Diana McPherson challenge the trial court's order requiring them to pay restitution and investigative costs as conditions of their probation which resulted from convictions for organized fraud and grand theft.
The state acknowledges that the amount of restitution awarded by the trial *1208 court was not fully supported by the evidence. The restitution award was $1200 more than the amount of loss testified to by the victim. According to section 775.089(1)(a), Florida Statutes (2000), "the court shall order the defendant to make restitution to the victim for: 1. Damage or loss caused directly or indirectly by the defendant's offense...." However, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." § 775.089(7), Fla. Stat. (2000). The amount of restitution ordered by the court was not supported by the preponderance of the evidence. We therefore reverse.
Appellants also contend that the trial court erred in not determining their ability to pay before imposing restitution. We disagree. Section 775.089(6)(b), Florida Statutes (2000), requires only that the ability to pay be determined at the time of enforcement, not imposition. See Pickett v. State, 678 So.2d 857, 858 n. 1 (Fla. 5th DCA 1996).
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, A.C.J., and SALCINES, J., concur.