THOMPSON, C.J.
Marion Alonzo Smith appeals his sentence following his conviction for burglary of a structure. We reverse.
During his plea and sentencing hearing, the state raised the issue of restitution:
The only other thing I would ask the Court, other than imposing the full thirty-six month term is, I would ask that a judgment be imposed against the defendant for the cost of the travel for these victims to come down here. This defendant knew well before Tuesday, that he had been working with CCIB and could have plead to the court at any other time and made this motion for a downward departure on substantial assistance without having to bring victims down here from Atlanta, Georgia, who have been here now for a week. You know, this case was set for date, time, with the certainty that it was supposed to go, and, again, like I said, I can’t prevent the defendant from entering a plea but it’s certainly been an inconvenience and a hardship to bring two people down here from Atlanta, Georgia for this, and I would be moving the Court, and asking the Court, that they be reimbursed for their mileage. It’s four hundred twenty-five miles, I think, one way, so it would be an eight hundred fifty mile round trip. With the per diem government rate of twenty-nine cents a mile, which would come out to two hundred and forty-six dollars and fifty cents. *1045 Their hotel stay at the rate of eighty-four dollars and seventy cents a night for five nights and their meals at the per diem government rate three dollars for breakfast, six dollars for lunch, twelve dollars for dinner for two people for five days, bringing the total amount to eight hundred and eighty dollars. And we’d ask that a judgment be entered in favor of the County Commissioners against this defendant for those expenses.
The defense objected:
I just want to object to any kind of judgment for money at this point. There’s been no evidence with respect to any of these numbers. We just have the State Attorney testifying as to the numbers. It was my understanding that the [victims] were down here anyway.
The trial court denied the objection. As part of his sentence, a restitution judgment in the amount of $880.00 was entered, in favor of the county commission. Smith appeals the restitution order.
The burden of proof in a restitution matter is on the state, which must prove the proper amount of restitution by a preponderance of the evidence. See § 775.089(7), Fla. Stat. (1999). Here, there was no evidence to support any of the information proffered by the state attorney as to the victims’ costs to attend what was going to be a trial but turned into a plea. The state attorney’s unsworn assertions are, at best, hearsay. Hearsay alone is not sufficient to support an award of restitution. See Delks v. State, 622 So.2d 624, 625 (Fla. 2d DCA 1993)(hearsay evidence inadmissible to prove amount of restitution where defendant made timely objection)(citing Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991)). The trial court should have conducted an evi-dentiary hearing once the defendant objected to the restitution amount. See Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997), receded from on other grounds, Locke v. State, 719 So.2d 1249 (Fla.1998).
Smith further submits that the county commission “is not a victim in this case and can not receive restitution.” He relies on Sheppard v. State, 753 So.2d 748 (Fla. 2d DCA 2000), and Sam (Seam) v. State, 741 So.2d 1247 (Fla. 2d DCA 1999), for this proposition. In Sheppard and Sam, the trial court had ordered restitution for costs that were not in fact restitution to victims, but rather were investigative costs. Investigative costs are to be considered costs of conviction for which a judgment can be entered against the defendant pursuant to section 938.27, Florida Statutes (2000). In this case, the victims’ travel, lodging and meal costs were not investigative costs, thus Sheppard and Sam are not on point. Travel expenses may be awarded as part of the restitution judgment. See Neal, 688 So.2d at 394; § 775.089(l)(a), Fla. Stat. (1999). If the state proves that the victims incurred certain costs in attending this hearing and that those costs were borne by the county commission, then it would be consistent with Florida precedent to order restitution in favor of the county commission. Cf. L.S. v. State, 593 So.2d at 296, 297 (Fla. 5th DCA 1992). Upon remand, the trial court may conduct an evidentiary hearing and order restitution if proven. See Ashton v. State, 790 So.2d 1115 (Fla. 5th DCA 2001).
REVERSED and REMANDED for proceedings consistent with this opinion.
SHARP, W. and SAWAYA, JJ„ concur.