WALLACE, Judge.
William Leslie Bass appeals from his judgment and sentence for driving under the influence (DUI) manslaughter arising from a crash in St. Petersburg in which Abby Priest was killed. Of three issues raised, only one merits discussion and requires reversal with respect to the imposition of certain fines, costs, and restitution. The judgment and sentence are affirmed in all other respects.
In a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), Bass preserved three challenges to the written judgment for fines and costs and the order and judgment of restitution. See Fla. RApp. P. 9.140(e)(2). The motion was not ruled upon within sixty days and is deemed denied. See O’Neill v. State, 841 So.2d 629, 629 (Fla. 2d DCA 2003). First, Bass challenges $150 imposed as a cost pursuant to section 939.18, Florida Statutes (2000). We agree — and the State concedes — that this cost must be stricken as a discretionary cost of which Bass did not receive notice at the time of sentencing. See Reyes v. State, 655 So.2d 111, 116 (Fla. 2d DCA 1995) (en banc).
Second, Bass challenges $548.71 imposed as a cost in response to the State’s oral request at the sentencing hearing for the costs of extradition. Bass contends that this cost should be stricken because the request was not made in writing with documentation of the cost. We disagree. The costs of extradition — considered discretionary costs of prosecution authorized by section 938.27(1) — may be validly imposed if the State expressly requests them and the defendant has notice before sentencing. See Thompson v. State, 699 So.2d 329, 329 (Fla. 2d DCA 1997) (considering the statute as previously numbered section 939.01); Reyes, 655 So.2d at 117 (same). Although written requests are strongly encouraged, an oral request may be sufficient to “document” the request to satisfy the statutory requirements. Reyes, 655 So.2d at 119. Accordingly, we affirm this cost, but we remand for correction of a scrivener’s error. At the sentencing hearing, the trial court orally pronounced $548.71 as the cost of extradition. The trial court’s oral pronouncement was accurate. However, the written judgment for fines and costs references $548.71 as “Court Costs / 86-15 AO.” On remand, the trial court must correct the written judgment for fines and costs to conform with the trial court’s oral pronouncement.
Third, Bass challenges $131 of the total $870 imposed as restitution to the victim’s mother for funeral expenses. In order for us to reject Bass’s challenge, there must be record evidence sufficient to support a finding that the State proved by a preponderance of the evidence that $131 was included in the amount for which Bass was required to make restitution. See § 775.089(7), Fla. Stat. (2000); Hector v. State, 784 So.2d 1207, 1207 (Fla. 2d DCA 2001). Because the record before us does not show that the State met its burden, we must direct that $131 be stricken from the order and judgment of restitution.
We reverse the sentence in part and remand for the trial court to correct the sentence in accordance with this opinion. The correction of these errors is a ministerial function of the trial court for which Bass need not be present. See Windisch v. State, 709 So.2d 606, 607 (Fla. 2d DCA 1998). We affirm the judgment and sentence in all other respects.
*571 Conviction affirmed; sentence affirmed in part, reversed in part, and remanded.
SALCINES and COVINGTON, JJ., concur.