CASANUEVA, Chief Judge.
 

 The issues presented in this appeal resulted from Appellee/Cross-Appellant Justin Scott Shields’ reckless operation of a motorcycle, which caused his passenger to fall from the motorcycle and sustain serious injuries upon impact with the ground. Mr. Shields entered guilty pleas to the crimes of reckless driving and leaving the scene of an accident. As part of sentencing, the State sought restitution on behalf of the victim for her past and future medical expenses and loss of past and future income. The State now appeals the circuit court’s restitution order, asserting two claims of error: that the restitution amount is insufficient and not based on the evidence adduced at the restitution hearing. Mr. Shields cross-appeals, claiming error in denying his motion to withdraw his plea. We review the order of restitution for abuse of discretion,
 
 see State v. Hawthorne,
 
 573 So.2d 330 (Fla.1991), and reverse for the reasons discussed below. We affirm the cross-appeal without further discussion.
 

 FACTS
 

 The victim was injured on May 30, 2008. At a change of plea hearing in September 2008, the State mentioned that the victim had already incurred over $7000 in medical expenses and approximately $4000 in lost wages, with more expenses to come because she had not yet completed treatment or been released to return to work. At another restitution hearing in January 2009, the State produced evidence that her rehabilitation was further compromised by the fact that she had become pregnant, the child being due in May 2009, thus delaying surgery and recovery until at least February 2010. At the close of the January 2009 hearing, the circuit court asked for written argument from each party based on the evidence presented. In its written submission, the State sought $91,228.78 in restitution.
 
 [1]
 
 Mr. Shields countered with a suggested restitution amount of either $13,991.28 or $24,510. The lower figure contemplated that Mr. Shields would still be responsible for supervision and court costs; the higher amount contemplated that costs of supervision would be waived. In its final order, the court required Mr. Shields to pay $14,191.28 at $120 per month, which was merely the amount of current medical expenses.
 

 DISCUSSION
 

 We conclude that each party has presented valid legal arguments. Initially, we agree with Mr. Shields that any increase in the victim’s monetary losses, most notably loss of income, caused by her post-injury pregnancy should not be borne by him. However, the State is correct that the amount of restitution awarded is inadequate and not supported by the preponderance of the evidence.
 
 See
 
 § 775.089(7), Fla. Stat. (2008);
 
 Hector v. State, 784
 
 So.2d 1207, 1208 (Fla. 2d DCA 2001). Further, Mr. Shields’ ability to pay the amounts ordered is a factor to be considered at the time of enforcement, not at imposition.
 
 See Hector,
 
 784 So.2d at 1208 (citing § 775.089(6)(b), Fla. Stat. (2000), and
 
 Pickett v. State,
 
 678 So.2d 857, 858 n. 1 (Fla. 5th DCA 1996)).
 

 We reverse the order on the main appeal and remand for reconsideration of the amount of restitution. Because of the pas
 
 *283
 
 sage of time, the victim’s recoverable expenses may be more accurately determined; thus, it may be advisable for the court to take further evidence on the issue. We affirm the cross-appeal.
 

 KELLY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . The State calculated this figure to include loss of income during the victim's pregnancy.