ROBERTS, J.
 

 The appellant, L.J. Johnson, seeks review of the trial court’s order dismissing his complaint for declaratory and injunc-tive relief under Florida’s Public Records Law, chapter 119, Florida Statutes (2010). We find that the dismissal was inappropriate and reverse and remand for an eviden-tiary hearing on the merits.
 

 The appellee, Robert L. “Skip” Jarvis, Jr., is the State Attorney for the Third Judicial Circuit of Florida, which includes the counties of Columbia, Suwannee, Hamilton, Dixie, Lafayette, Taylor, and Madison. The appellee promulgated a public records policy whereby requests to inspect or copy case files under chapter 119 were to be directed to his main office in Live Oak, Suwannee County, Florida, so that he could personally review each case file to ensure no exempted information was disclosed.
 

 The appellant, a resident of Lake City, Columbia County, Florida, filed a complaint against the appellee for declaratory and injunctive relief containing the following allegations. After his arrest following an incident at a Lake City Wal-Mart store, the appellant’s case was assigned to an Assistant State Attorney (ASA) in Lake City for prosecution. The ASA was given custody of the appellant’s case file which included witness statements and video surveillance from the Wal-Mart store. The appellant’s attorney made an appointment with the ASA to view the video and pick up copies of witness statements. When the appellant’s attorney arrived at the ASA’s office, he was informed that charges against the appellant had been dropped. He was also informed that since a “No Information” had been filed, access to the witness statements and surveillance video needed to be accomplished through a public records request.
 

 The complaint further alleged that the appellant’s attorney made a verbal public records request in the ASA’s office. Although the case file was within reach, the ASA denied the request to inspect the records. After refusing to provide the records, the ASA informed the appellant’s attorney of the appellee’s public records policy and suggested that he put the request in writing. The appellant’s attorney
 
 *170
 
 promptly wrote a public records request which the ASA placed in the case file to be transported to the Live Oak office. Thereafter, the appellant received a letter from the appellee informing him that the records would be made available at the Live Oak office and that he should contact the appellee’s legal assistant to arrange a date and time for inspection.
 

 The appellant’s complaint argued that the refusal to produce the requested records in Lake City was unreasonable and in violation of section 119.07, Florida Statutes (2010), and Article I, section 24 of the Florida Constitution. The complaint also argued that the appellee’s policy of removing public records from the custody of their home counties to Live Oak and requiring inspection there was unreasonable, caused unnecessary expense and delay, and was a violation of sections 119.07 and 119.021, Florida Statutes (2010), and Article I, section 24 of the Florida Constitution. The appellant sought judgment against the appellee in the nature of an order requiring the appellee to permit inspection of the records in Lake City, enjoining the appellee from removing files from the office where they were ordinarily used and requiring inspection in Live Oak, and granting attorney’s fees and costs.
 

 The appellee filed a motion for dismissal and attorney’s fees and costs arguing, among other things, that the complaint failed to state a cause of action because there was no refusal of access to the records. Although an accelerated hearing on the complaint was scheduled under section 119.11, Florida Statutes (2010), the trial court only heard argument on the motion to dismiss, not on the merits of the appellant’s complaint. The trial court granted the motion to dismiss, finding that there had been no refusal to provide the requested records and “the place, time, and conditions for compliance (providing the records) [was not] unreasonable.”
 

 A trial court’s order of dismissal is subject to
 
 de novo
 
 review.
 
 See Brewer v. Clerk of Circuit Court, Gadsden County,
 
 720 So.2d 602, 603 (Fla. 1st DCA 1998). In ruling on the motion to dismiss, the trial court was required to confine its analysis to the four corners of the complaint, treat all of the complaint’s well-pleaded allegations as true, and resolve all inferences drawn from those allegations in the appellant’s favor.
 
 See Sobi v. Fairfield Resorts, Inc.,
 
 846 So.2d 1204, 1206-07 (Fla. 5th DCA 2003).
 

 The appellant’s complaint alleged instances of refusal and facially stated a cause of action under chapter 119. Accordingly, we reverse the order dismissing the complaint and remand for an evidentia-ry hearing on the merits.
 
 See
 
 Grace
 
 v. Jenne,
 
 855 So.2d 262 (Fla. 4th DCA 2003) (reversing order dismissing the appellant’s complaint and finding the order, entered without an evidentiary hearing, was premature);
 
 Puls v. City of Port St. Lucie,
 
 678 So.2d 514 (Fla. 4th DCA 1996) (reversing order granting motion to dismiss and remanding for an evidentiary hearing on the issue of whether, under the facts of the case, there was an unlawful refusal of access to the records within the meaning of section 119.12(1), Florida Statutes (1995));
 
 James v. Loxahatchee Groves Water Control Dist.,
 
 820 So.2d 988 (Fla. 4th DCA 2002) (granting mandamus and directing the trial court to hold a hearing and determine if plaintiffs request to examine defendant’s records at defendant’s office should be granted, and if so, under what conditions pursuant to sections 119.07(l)(a) and (b)).
 

 On remand, the trial court must determine whether there was a delay to produce the requested records and, if so, whether the delay was reasonable under the facts
 
 *171
 
 of this case. The reasonableness of the appellee’s policy itself is not the subject of the inquiry. Rather, the inquiry centers on whether the application of the policy resulted in an unjustified delay that amounted to an unlawful refusal to comply with chapter 119.
 
 See e.g., Barfield v. Town of Eatonville,
 
 675 So.2d 228 (Fla. 5th DCA 1996) (“An unjustified delay in complying with a public record request amounts to an unlawful refusal under section 119.12(1), Florida Statutes.”).
 

 We REVERSE and REMAND for an evidentiary hearing.
 

 THOMAS and CLARK, JJ., concur.