# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-992
_____

JEFFREY A. SIEGMEISTER, State
Attorney for the Third Judicial
Circuit of Florida,

    Appellant,

    v.

L.J. JOHNSON,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Wesley R. Douglas, Judge.

February 20, 2018

OSTERHAUS, J.

Jeffrey A. Siegmeister, the State Attorney for the Third Judicial Circuit of Florida, appeals the final judgment entered for L.J. Johnson in a public records case. Mr. Johnson's attorney submitted a public records request to see and copy the state attorney's case file in a closed matter involving Mr. Johnson. Former State Attorney Robert L. "Skip" Jarvis, Jr., reviewed the file and acceded to the request within a week. He offered to make the records available at his main office in Live Oak where he had reviewed them. But his letter acceding to the request took another week to be delivered to Mr. Johnson's attorney in Lake City. Due to the delay, Mr. Johnson promptly sued State Attorney Jarvis

claiming an unlawful refusal to provide the records under the Public Records Act, chapter 119, Florida Statutes (2010).

The trial court ultimately held an evidentiary hearing and agreed with Mr. Johnson and awarded costs and attorneys' fees. The court based its finding of an unlawful delay principally upon the fact that State Attorney Jarvis's letter required Mr. Johnson's attorney to travel twenty-five miles to Live Oak to inspect and copy the records, instead of offering to make the records available at his local courthouse in Lake City. State Attorney Siegmeister, who succeeded Mr. Jarvis, appealed. We reverse and conclude that State Attorney Jarvis did not violate Florida's public records law by making the requested records available for inspection and copying at the main office of the State Attorney for the Third Judicial Circuit, instead of at an office closer to the requester's home.

I.

This appeal follows an earlier remand in *Johnson v. Jarvis*, 74 So. 3d 168 (Fla. 1st DCA 2011). There, we reversed the trial court's dismissal of Johnson's chapter 119, public records complaint and remanded for an evidentiary hearing on the issue of whether there was an unreasonable delay in producing the requested records. *Id.* at 170-71.

After remand, Kevin K. Carson, Mr. Johnson's attorney, testified at the hearing that he met with an Assistant State Attorney in Lake City, Florida, on January 26, 2011, to learn whether Mr. Johnson would be criminally charged as a result of an incident in which his firearm discharged at a local store. Mr. Carson was told at the meeting that the State wouldn't be filing charges, whereupon Mr. Carson made a public records request to inspect and copy the State Attorney's investigative file. The ASA responded by recommending that Mr. Carson write out his specific request, which he did, in his own name. He addressed the request to the "Records Custodian, State Attorney, Third Judicial [Circuit]," stating: "Please make available for inspection and copying all public records relating to [Johnson case]. This should include all information requested in my discovery request."

The ASA told Mr. Carson that his request would be forwarded to State Attorney Jarvis in Live Oak. State Attorney Jarvis's job included being the public records custodian for the office. The office's public records policy provided that public records matters would be handled in the main State Attorney's office for the Third Judicial Circuit in Live Oak:

> All requests to inspect or copy case files, active or inactive, shall be directed to the State Attorney. The State Attorney shall promptly review the case file to [e]nsure that there is no disclosure of *active* criminal intelligence information or criminal investigative information as defined in [c]hapter 119, Florida Statu[t]es, or other exempted documents such as autopsy reports or work product. Such information and documents shall be placed in a separate envelope, sealed, and marked as "exempt documents." *In order to [e]nsure that exempt materials and documents are protected and that the State Attorney's obligations under the statute have been met, all public record requests shall be complied with at the main office of the State Attorney located at 100 S.E. Court Street in Live Oak, Florida.*

(Emphasis added).

After making the request, Mr. Carson stated that he checked his mail every day thereafter, but didn't receive a response from State Attorney Jarvis until two weeks later, on February 9, 2011. The letter, dated February 2, 2011, informed Mr. Carson that the file would be made available at his convenience at the State Attorney's office in Live Oak. Upon receiving the letter, Mr. Carson did not make arrangements to inspect the file, but a week later his client Mr. Johnson filed a public records lawsuit.[1]

---

[1] An earlier motion to dismiss raised the issue of whether Mr. Johnson could file a public records lawsuit arising from a request filed solely in the name of Mr. Carson. This issue has evidently vanished from the case, though it isn't completely clear why Mr. Johnson, instead of Mr. Carson, filed this lawsuit.

3

Following the evidentiary hearing, the trial court issued final judgment for Mr. Johnson on the basis of an unjustified delay in State Attorney Jarvis's response to Mr. Carson's public records request. The court noted that it didn't decide the issue based on the delayed delivery of the letter, which it considered de minimis and reasonable. But, instead, the unjustified delay arose from the State Attorney's decision to make the records available for inspection and copying in Live Oak, instead of in Lake City. The court awarded Mr. Johnson his attorneys' fees and costs under § 119.12, Florida Statutes, including a 1.5 fee multiplier corresponding to the hours spent by Mr. Carson and another attorney litigating the case. The current State Attorney for the Third Judicial Circuit, Mr. Siegmeister, then appealed.

II.

The issue in this appeal is whether the State Attorney unreasonably delayed producing the records requested by Mr. Carson. The parties don't dispute the material facts involving the time it took the State Attorney's response to be delivered to Mr. Carson, nor do they dispute that the response made the records available in Live Oak, instead of Lake City. We review *de novo* the trial court's conclusion that these circumstances amounted to an unlawful refusal to provide the records under Florida's Public Records Act. § 119.12, Fla. Stat. (2010); *Althouse v. Palm Beach Cty. Sheriff's Office*, 92 So. 3d 899, 901 (Fla. 4th DCA 2012), disapproved on other grounds, *Bd. of Trs., Jacksonville Police & Fire Pension Fund v. Lee*, 189 So. 3d 120, 123 (Fla. 2016).

The Florida Constitution provides to every person "the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state," except with respect to certain exempted records. Art. I, § 24(a), Fla. Const. This right is codified in chapter 119, Florida Statutes, the "Public Records Act." The Public Records Act describes Florida's policy that all state, county, and municipal records are open for personal inspection and copying by any person. § 119.01(1), Fla. Stat. (2010). Accordingly, "[p]roviding access to public records is a duty of each agency." *Id.* Every person with custody of a public record must allow the record "to be inspected and copied by any person desiring to do so, at any

4

reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." § 119.07(1)(a), Fla. Stat. (2010). "A custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith." § 119.07(1)(c), Fla. Stat. (2010). Section 119.12, Florida Statutes (2010), provides for reasonable costs and attorney fees if a court determines that an agency "unlawfully refused" to permit a public record to be inspected or copied.

Violations of the Public Records Act encompass "not only affirmative refusal to produce records, but also unjustified delay in producing them." *Lilker v. Suwannee Valley Transit Auth.*, 133 So. 3d 654, 655-56 (Fla. 1st DCA 2014); *Promenade D'Iberville, LLC v. Sundy*, 145 So. 3d 980, 983 (Fla. 1st DCA 2014). But "a delay does not in and of itself create liability under section 119.12." *Consumer Rights, LLC v. Union Cty, Fla.*, 159 So. 3d 882, 885 (Fla. 1st DCA 2015). "[R]easonable" delay is allowed. *See Johnson*, 74 So. 3d at 170-71 (remanding to determine "whether the delay was reasonable under the facts of this case"). Once a request to inspect public records is made, records custodians must respond promptly and in good faith, *see* § 119.07(1), determining, for instance, if they possess the records, retrieving the records, assessing whether exemptions apply, deleting those portions of the record believed to be exempt, notifying the requester, and making the non-exempt records available. *See Tribune Co. v. Cannella*, 458 So. 2d 1075, 1078 (Fla. 1984) (stating that the Public Records Act "contemplates . . . the reasonable custodial delay necessary to retrieve a record and review and excise exempt material"). Where the delays aren't justified, however, the Public Records Act holds officials accountable.

Turning to this case, we agree with the trial court that the two-week period it took for a letter to be delivered from State Attorney Jarvis in response to Mr. Carson's request did not by itself breach the requirement to respond promptly and in good faith. The evidence indicated that only one week passed from the day Mr. Carson requested to inspect and copy the state attorney's file in Lake City to the day State Attorney Jarvis approved the request. During that week, the relevant file was sent from the assistant state attorney (ASA) in Lake City to the State Attorney's

5

main office in Live Oak. State Attorney Jarvis then had to review the file for exemptions. The ASA couldn't have, for instance, simply handed over the records on the spot when Mr. Carson requested them in Lake City. *Id.* at 1077 (noting that "[t]o literally place the records on the table would be unrealistic"). The Act and office policy required that it be reviewed for exempt information by the public records custodian (who also was responsible for supervising the record inspection and copying process). *See* § 119.07(1)(a). Within a week of receiving the request, State Attorney Jarvis drafted a letter on February 2, 2011, approving Mr. Carson's request and making the records available to him. After drafting the approval letter, an administrative snafu or postal service delay caused the approval letter's delivery to be delayed for a few days. Mr. Carson didn't receive the approval letter in his mailbox until five business days after State Attorney Jarvis drafted it, on February 9, 2011.

These circumstances don't violate the Public Records Act. The Act demands prompt attention and a reasonable response time, not the quickest-possible response. A few business days' delay in the delivery of mail is unremarkable. *See, e.g.*, Fla. R. Civ. P. 1.090(e) (adding 5 days to the prescribed period for service by mail). There is no indication here that State Attorney Jarvis intentionally or unjustifiably delayed responding for these days. *See Cannella*, 458 So. 2d at 1078-79 (finding an intentional policy to delay public records responses to be impermissible under the Act). And even if optimal delivery efficiency had been achieved, it would have saved just a few days, which the trial court rightly found to be "de minimis and reasonable" under the circumstances. *See Molter v. State,* 892 So. 2d 1115, 1119 (2d DCA 2004) (noting that the law does not concern itself with trifles); *see also Walton Cty. v. Stop the Beach Renourishment, Inc.,* 998 So. 2d 1102, 1118 (Fla. 2008) (same).[2]

---

[2] The delivery delay here didn't come close to approaching the length of delay of cases where courts have found an unlawful refusal to provide public records. *See, e.g.*, *Promenade D'Iberville*, 145 So. 3d at 982-83 (sixty-three days); *Office of State Att'y for Thirteenth Jud. Cir. of Fla. v. Gonzalez*, 953 So. 2d 759, 765 (Fla. 2d DCA 2007) (more than ninety days). Also, unlike in *Grapski v.*

Where our analysis diverges from the judgment below is in its conclusion that the State Attorney violated the Public Records Act by making the records available at the main Third Judicial Circuit State Attorney's office in Live Oak, instead of in Lake City. The trial court concluded that making Mr. Carson drive twenty-five miles from Lake City to Live Oak to inspect and copy the records amounted to an unjustifiable delay in violation of the Public Records Act. The Act requires "[e]very person who has custody of a public record [to] permit the record to be inspected and copied at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." § 119.07(1)(a), Fla. Stat. The Act does not define "reasonable" as requiring government officials to move records from where they are being maintained to a different place convenient to the requester. Nor do other cases support this argument. *See Roesch v. State*, 633 So. 2d 1, 2 (Fla. 1993) (holding that it would be unreasonable to require state attorneys to send their original files to prisons throughout the state every time an indigent defendant demanded it, and that a prisoner was in the "same position as anyone else seeking public records . . . who cannot afford the trip to personally examine the records"); *Campbell v. State*, 593 So. 2d 1148, 1149-50 (Fla. 1st DCA 1992) (same). By making the records available at his main office in Live Oak, where they had been reviewed for exemptions pending Mr. Carson's inspection, State Attorney Jarvis satisfied his legal obligation. His office was a reasonable place to make the State Attorney's records available in the Third Circuit, even if Mr. Carson had to drive some twenty-five miles to view them.[3]

---

*City of Alachua*, 31 So. 3d 193 (Fla. 1st DCA 2010), there is no evidence that the state attorney's response was delayed for strategic reasons. This case also does not involve a situation like in *Hewlings v. Orange County*, 87 So. 3d 839, 841 (Fla. 5th DCA 2012), where an official responded quickly in writing that they would comply with a request, but then delayed in actually complying with the request for forty-five days.

[3] The Third Judicial Circuit encompasses seven counties, with Live Oak, located in Suwannee County, situated close to the center of the circuit.

Under these circumstances, we cannot conclude that State Attorney Jarvis violated the Public Records Act, or unlawfully refused to permit a public record to be inspected or copied under the Act.[4]

III.

For these reasons, the final judgment, as well as the order awarding Appellee's costs and attorneys' fees, are reversed.

REVERSED.

WOLF and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Arthur I. Jacobs, Richard J. Scholz, and Douglas A. Wyler of Jacobs Scholz & Assoc., LLC, Fernandina Beach, for Appellant.

Kevin K. Carson, Lake City, and Joseph W. Little, Gainesville, for Appellee.

---

[4] We note that Mr. Carson had another avenue for receiving copies of the documents more quickly. He could have had the State Attorney's office copy and mail the records pursuant to their policy, instead of asking to inspect them in person. But, according to the final judgment, "Mr. Carson made no effort (1) to contact the Office of the State Attorney to inspect the records, (2) to request that the records be sent via mail to him directly, or (3) to request that the records be transported to the Lake City office for inspection."